*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. BUCHANAN, Minor.

UNPUBLISHED
February 13, 2020

No. 349256
Wayne Circuit Court
Family Division
LC No. 15-521401-NA

Before: MURRAY, C.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Respondent appeals as of right the trial court order terminating her parental rights to her minor child under MCL 712A.19b(3)(g) (failure to provide care and custody). We affirm.

## I. FACTUAL BACKGROUND

Respondent is the mother of AB and his two siblings, AAW and AVW. These proceedings began in 2015 when petitioner filed a petition for temporary wardship regarding AAW. The petition alleged that respondent was in an abusive relationship that put AAW at risk of harm. The trial court authorized the petition, and AAW was placed in nonrelative foster care. Respondent was ordered to participate in parenting classes, individual therapy, and domestic violence counseling, and respondent was to obtain and maintain suitable housing and income.

AVW was born in 2016, and petitioner filed a petition for temporary wardship shortly after AVW's birth. The trial court authorized the petition, and AVW was placed in nonrelative foster care with AAW. AAW and AVW remained in foster care until 2018. During that time, respondent made little progress toward reunification. In 2018, the trial court entered an order terminating respondent's parental rights to AAW and AVW under MCL 712A.19b(3)(c)(*i*) and (g) because respondent failed to comply with the terms of her parent-agency agreement.

AB was born in 2017. In 2018, petitioner filed a permanent custody petition to terminate respondent's parental rights to AB. The petition alleged that respondent attempted to hide AB's birth from petitioner, respondent refused to cooperate with petitioner's attempts to verify AB's well-being, and respondent abused or neglected AB. The trial court authorized the petition, and AB was placed in nonrelative foster care with AAW and AVW. During that time, respondent

-1-

made little progress toward reunification. In 2019, the trial court entered an order terminating respondent's parental rights to AB under MCL 712A.19b(3)(g).

## II. STATUTORY GROUNDS

Respondent argues that the trial court clearly erred by finding a statutory ground to terminate her parental rights under MCL 712A.19b(3)(g).

In order to terminate parental rights, a trial court must find that a statutory ground has been established by clear and convincing evidence. *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). The trial court's findings regarding statutory grounds are reviewed for clear error. *Id*. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. (citation and quotation marks omitted).

A trial court may terminate parental rights under MCL 712A.19b(3)(g) if the court finds by clear and convincing evidence that "[t]he parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." MCL 712A.19b(3)(g). "[A] parent's failure to comply with the parent-agency agreement is evidence of a parent's failure to provide proper care and custody for the child." *In re JK*, 468 Mich 202, 214; 661 NW2d 216 (2003). "By the same token, the parent's *compliance* with the parent-agency agreement is evidence of her ability to provide proper care and custody." *Id*.

The trial court did not clearly err when it found clear and convincing evidence that respondent failed to provide proper care or custody for AB, and there was no reasonable expectation that respondent would be able to provide proper care and custody within a reasonable time considering AB's age. MCL 712A.19b(3)(g). During the February 2019 evidentiary hearing, Jeremy Smith, AB's foster care worker, testified that respondent attempted to hide AB's birth from petitioner by lying about a miscarriage and taking AB out of Michigan for approximately three months. Smith testified that petitioner originally became aware of AB after receiving a complaint that respondent physically abused AB, and that she exercised poor judgment when parenting AB. On the date that AB was removed from respondent's care, AB's vaccinations were not up to date, AB had severe diaper rash, and AB was overweight. Smith observed respondent's interactions with AB, and opined that respondent's behavior contributed to AB's weight. Respondent frequently fed AB fast food and candy even when AB did not seem interested in eating. As a result of respondent's feeding habits, AB had diarrhea, and vomited after several visits with respondent. Smith informed respondent that her feeding habits likely made AB sick, and respondent replied that she knew how to parent her child.

Petitioner also presented evidence that there was no reasonable expectation that respondent would be able to provide proper care and custody for AB within a reasonable time considering AB's age. Smith testified that respondent failed to comply with the parent-agency agreement during the proceedings regarding AAW and AVW. Respondent completed parenting classes, but did not benefit from them. Moreover, respondent did not complete individual therapy or domestic violence counseling. Considering that respondent failed to comply with the terms of the parent-

agency agreement from February 2016 to June 2018, and respondent had not participated in any services during the pendency of the instant proceedings, the trial court did not clearly err in holding that there was no reasonable expectation that respondent would be able to provide proper care and custody for AB within a reasonable time considering AB's age. Thus, the trial court did not clearly err when it determined that statutory grounds existed to terminate respondent's parental rights under MCL 712A.19b(3)(g).

Only one statutory ground needs to be established to support termination of parental rights under MCL 712A.19b(3). *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016). Because we have upheld the trial court's decision under MCL 712A.19b(3)(g), termination of respondent's parental rights is affirmed.

## III. BEST INTERESTS

The trial court also did not clearly err by finding that termination of respondent's parental rights was in AB's best interests under MCL 712A.19b(5).

"[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. This Court reviews the trial court's ruling that termination is in the child's best interests for clear error. *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). "A finding is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App at 80 (citation and quotation marks omitted).

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). In most cases, it is in a child's best interests to be placed with his or her siblings. *Id.* at 42. The trial court may also consider "the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014).

Petitioner presented evidence that AB did not share a strong bond with respondent. Smith testified that AB frequently cried during visits with respondent and sought comfort from others. In addition, Nicole Brosch, AB's foster mother, testified that AB's visits with respondent had a negative effect on him. Brosch stated that AB became needy, cried, and followed Brosch around the house after attending visits with respondent.

Petitioner also presented evidence that respondent did not have strong parenting skills. Smith testified that respondent did not benefit from parenting classes, respondent exercised poor judgment when caring for AB, respondent fed AB unhealthy food to the point in which he became ill, and respondent did not provide adequate care for AB. Specifically, evidence was presented

-3-

that AB's vaccinations were not up to date, AB had severe diaper rash, and AB was overweight while he was in respondent's care.

Furthermore, petitioner presented evidence that AB's foster home had several advantages over respondent's home. Smith testified that he inspected respondent's home in January 2019, observed that the home was not sufficiently furnished, and observed that there was barely any food in the home for AB. Although respondent presented evidence that she obtained a crib and a swing for AB, this evidence does not negate the advantages of AB's foster home. Smith testified that AB was thriving in Brosch's home, AB was progressing toward a healthy weight, and AB had bonded with his foster parents. In addition, Brosch testified that AB was doing very well in the foster home. Brosch stated that AB was meeting his developmental milestones, he was healthy, and he had all his immunizations. Moreover, AB's siblings were also placed in the foster home, and Brosch testified that she intended to adopt all three of the children. Thus, evidence was presented that AB's foster home provided stability and permanency for AB.

The trial court did not clearly err when it held that termination of respondent's parental rights was in AB's best interests under MCL 712A.19b(5).

Affirmed.

/s/ Christopher M. Murray
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron

-4-